# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MARTIN W. SMITH | ) | Case No. 03-31378-JWV |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ELIZABETH BARTOLINI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adversary Proceeding No. 04-3039 |
| | ) | |
| MARTIN W. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the motion to dismiss filed by the Defendant, Martin W. Smith ("Debtor") on September 30, 2004. The motion seeks the dismissal of this adversary on the grounds that the Plaintiff's complaint was not filed within 30 days of service of the Debtor's amended schedules, as required by Local Rule 1009-1. The Plaintiff, Elizabeth Bartolini, maintains that she timely filed the complaint after she received notice of the bankruptcy.

For the reasons stated below, the Court will deny the Debtor's motion to dismiss.

## BACKGROUND

Although the parties have presented facts outside the pleadings in support of their respective positions, those facts will not be considered inasmuch as this is a motion to dismiss and not a motion for summary judgment. Fed. R. Bank. P. 7012; Fed. R. Civ. P. 12. Thus, the Court limits its consideration to the record in these proceedings and facts admitted in pleadings:

1.      The Debtor filed for protection under chapter 7 of the bankruptcy code on October 28, 2003.

2. The first meeting of creditors was first set for hearing on December 11, 2003.

3. The Plaintiff was not listed as a creditor on the Debtor's original bankruptcy schedules.

4. On March 24, 2004, the Debtor amended his "Schedule F" to list the Plaintiff as a creditor, and served the amended schedules on Peter Sonderby, an attorney who represented the Plaintiff in prior litigation against the Debtor.

5. The Plaintiff admits receiving notice of the amended schedules and the Debtor's bankruptcy on June 9, 2004.

6. On June 29, 2004, the Plaintiff filed in the main bankruptcy case a complaint to determine the dischargeability of debt and for a general denial of discharge.

7. On July 2, 2004, the clerk's office entered a text-order striking the complaint because it was erroneously filed in the main case. The order instructed the Plaintiff to re-file the complaint as a separate adversary proceeding.

8. *The clerk's records indicate that the Plaintiff was not sent notice of this order.*

9. The Plaintiff filed the complaint initiating this adversary proceeding on August 24, 2004.

## DISCUSSION

Based on the facts recited above, the Court finds that the Plaintiff's complaint was timely filed on August 24, 2004.

Local Rule 1009-1.4 provides that a debtor must serve amendments to schedules on all affected creditors and provide those creditors with notice that § 523 and § 727 complaints must be filed within 30 days after service of that notice. The Debtor claims that he complied with this rule by serving the amended schedules (presumably with the requisite notice) on Peter Sonderby, an attorney who represented the Plaintiff in prior litigation against the Debtor. The Debtor served Mr. Sonderby on or about March 24, 2004, so, the Debtor argues, the defective complaint filed on June 29, 2004 (and, *a fortiori*, the August 24, 2004 complaint) was untimely. The Plaintiff counters that service on Mr. Sonderby was ineffective because the Debtor sent it to the wrong address. But

whether or not the service was sent to the correct address is irrelevant - service on Mr. Sonderby was ineffective. Mr. Sonderby has never entered an appearance for the Plaintiff in these proceedings, and without proof of when Mr. Sonderby communicated the notice of the Debtor's bankruptcy to the Plaintiff, we cannot find that service on Mr. Sonderby was effective to start the 30-day clock of Local Rule 1009-1 ticking. The clock did start, though, on June, 9, 2004, the day the Plaintiff admits receiving notice of the amended schedules.

This leaves two questions to be answered. First, did the complaint erroneously filed on June 26, 2004, in the main bankruptcy case stop the 30-day clock? And second, did the clock start ticking again after the erroneously filed complaint was stricken? We answer the first question in the affirmative and the second in the negative.

The deadlines in rules 4004(a), 4007(c), and by implication, 1009-1, are not jurisdictional, but, rather, akin to statutes of limitation subject to equitable tolling. *See In re Harbaugh*, 301 B.R. 317, 320 (B.A.P. 8th Cir. 2003) (citing *Block v. Moss* (*In re Moss*), 266 B.R. 408, 414 (8th Cir. 2001)). And the filing of a timely, although defective, pleading warrants equitable tolling. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (note and citations omitted). Therefore, the complaint erroneously filed in the main case within 30 days after the Plaintiff received notice of the amended schedules tolled the 30-day deadline imposed by Local Rule 1009-1.

On July 2, 2004, the complaint filed in the main case was stricken, so the 30-day clock arguably began to run again. The docket indicates, however, that the clerk's office (inexplicably) did not give the Plaintiff notice of the order striking the complaint, and the record in this matter does not contain any evidence showing when the Plaintiff received notice of the defective filing, so we

have no basis to find that the 55-day delay between the striking of the defective complaint and the filing of the adversary proceedings was unwarranted, inordinate, or unreasonable. We also note that even if the Plaintiff had received immediate notice of the defective filing, under the circumstances, the complaint would likely stand because the Court does not believe that the debtor has been prejudiced by the delay.

Therefore, for the reasons stated above, it is

**ORDERED** that Martin W. Smith's Motion to Dismiss is hereby DENIED.

**SO ORDERED** this 3rd day of November, 2004.

/s/    Jerry W. Venters
United States Bankruptcy Judge


cc: Stuart King

Spencer Desai