# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: ) | |
| ) | |
| MARTIN W. SMITH, ) | |
| ) | |
| Debtor. ) | Case No. 03-31378 |
| ) | |
| ELIZABETH BARTOLINI, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adversary Case No. 04-3039 |
| ) | |
| MARTIN W. SMITH, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

This matter comes before the Court on the motion for summary judgment filed by the Plaintiff, Elizabeth Bartolini ("Plaintiff"), on May 25, 2005. The Plaintiff's complaint initiating this adversary proceeding seeks a determination that the debt arising from the arbitration award entered by NASD Dispute Resolution, Inc., and subsequently confirmed in all respects by the District Court for the Northern District of Illinois[1] on May 12, 2003 ("Judgment"), is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), (a)(6), and (a)(19). The Plaintiff's motion seeks judgment as a matter of law on all counts based: (1) on the merits under § 523(a)(19); and (2) on the application of collateral estoppel to the Judgment to establish the elements of § 523(a)(2)(A), (a)(4), and (a)(6). The Debtor, Martin W. Smith, argues that the Judgment does not support judgment as a matter of law under either of the theories alleged.

Upon review of the evidence, pleadings, and relevant law, the Court finds that the debt owed to the Plaintiff arising from the Judgment is nondischargeable under § 523(a)(19) as a matter of law. In light of this finding, the Court does not need to rule on the remainder of the allegations. But the Court does note that, under the doctrine of collateral estoppel, the confirmed arbitration award would also support (at a

---

[1] Case No. 01-C 4311.

minimum) judgment under § 523(a)(2)(A).[2]

In order to prevail under § 523(a)(19),[3] a plaintiff must establish the existence of a judgment for a violation of federal or state securities laws, or for common law fraud, deceit, or manipulation in connection with the purchase or sale of any security. 11 U.S.C. § 523(a)(19). The District Court's confirmation of the arbitration award qualifies as a "judgment" for purposes of § 523(a)(19),[4] and that Judgment included a clear finding that the Debtor violated Illinois securities law. It is not necessary that the

---

[2] Whether a particular judgment will be given preclusive effect under the doctrine of collateral estoppel turns on state law. *Scarborough v. Scarborough*, 171 F.3d 638, 641 (8th Cir. 1999). Illinois law requires three elements for the application of collateral estoppel: (1) the issue in the present case and the prior adjudication must be identical; (2) the case must have ended in a final judgment; and (3) the party against whom collateral estoppel is asserted must have been the same party or in privity with a party in the prior adjudication. *Du Page Forklift Serv., Inc. v. Material Handling Servs., Inc.*, 744 N.E.2d 845, 849 (Ill. 2001). The Court finds that all of these elements are met: (1) the arbitration award specifically found that the Debtor committed fraud, and a finding of fraud under Illinois law is sufficient to establish a claim under § 523(a)(2)(A); (2) the Judgment is a final order which has not been appealed; and (3) the Debtor-Defendant here is the same party who defended the arbitration award and subsequent confirmation of that award by the District Court. Therefore, the Plaintiff is entitled to judgment as a matter of law under § 523(a)(2)(A).

[3] Section 523(a)(19) provides:
(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
  (19) that--
    (A) is for--
      (i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
      (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
    (B) results, before, on, or after the date on which the petition was filed, from--
      (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
      (ii) any settlement agreement entered into by the debtor; or
      (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

[4] *See In re Simon*, 311 B.R. 641 (Bankr. S.D. Fla. 2004); *In re Gibbons*, 289 B.R. 588 (Bankr. S.D. N.Y. 2003).

Judgment set out findings of specific lawful acts by the Debtor, as the Debtor argues. Therefore, the debt owed by the Debtor to the Plaintiff arising from the Judgment is nondischargeable pursuant to § 523(a)(19).

Accordingly, it is

**ORDERED** that the Plaintiff's motion for summary judgment is GRANTED. It is

**FURTHER ORDERED** that the $591,311.95 debt arising from the Judgment owed by the Debtor to Elizabeth Bartolini is hereby determined to be excepted from discharge pursuant to 11 U.S.C. § 523(a)(19).

**SO ORDERED** this 27th day of June, 2005.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to:
Joseph D. Sheppard, III
Spencer P. Desai